**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Nader Kameli, | **Civil No. 10-4200 (RHK/JJG)** |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | |
| Neurostream Technologies G.P., Otto Bock Healthcare Canada Ltd., Victhom Human Bionics Inc., and 4491343 Canada, Inc. | |
| Defendants. | |

This matter came before the Court for the entry of a Protective Order pursuant to the request of Defendants. It appears to the Court that entry of this Order, as limited to the April 29, 2009 "General Partnership Agreement by and among Otto Bock Healthcare Canada Ltd., Victhom Human Bionics Inc., 4491343 Canada Inc. and Neurostream Technologies General Partnership," is appropriate.

THEREFORE, IT IS HEREBY ORDERED:

1. Defendant may designate as "CONFIDENTIAL" the April 29, 2009 General Partnership Agreement by and among Otto Bock Healthcare Canada Ltd., Victhom Human Bionics Inc., 4491343 Canada Inc. and Neurostream Technologies General Partnership. Such designation shall subject the document to the provisions of this Protective Order.

2. Given that the April 29, 2009 General Partnership Agreement by and among Otto Bock Healthcare Canada Ltd., Victhom Human Bionics Inc., 4491343

Canada Inc. and Neurostream Technologies General Partnership has been designated by Defendants as "CONFIDENTIAL," when it is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be offered for filing separately under seal with the Court.

3. Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of a court of competent jurisdiction, the April 29, 2009 General Partnership Agreement by and among Otto Bock Healthcare Canada Ltd., Victhom Human Bionics Inc., 4491343 Canada Inc. and Neurostream Technologies General Partnership shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to this document shall be limited to:

(a) The Court;

(b) Counsel for the respective parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

(c) Experts for the parties, or such other persons whom in good faith and judgment of the attorneys of record for the parties, it is necessary to disclose such "CONFIDENTIAL" document (including independent experts and consultants, and employees or clerical assistants of said experts) provided the attorney first informs such person that the confidential document to be disclosed is confidential and private and is to be held in confidence, is to be used solely for the purpose of

preparing and presenting evidence in this litigation and further that these restrictions are imposed by Court Order.

(d)     Parties, officers or employees of the respective parties who have a reasonable business need to review the document.

(e)     Deposition notaries and staff;

(f)     Deponents during the course of their depositions or potential witnesses of this case, but only if the document is one that was authored or received by the witness, was a document the witness saw or read at any time, or was a document maintained by Defendant in the personnel file of that witness, and provided the attorney first informs such witness that the confidential document to be disclosed is confidential and private and is to be held in confidence, is to be used solely for the purpose of preparing and presenting evidence in this litigation and further that these restrictions are imposed by Court Order.

4.     Except as otherwise provided for in this Protective Order, the April 29, 2009 General Partnership Agreement by and among Otto Bock Healthcare Canada Ltd., Victhom Human Bionics Inc., 4491343 Canada Inc. and Neurostream Technologies General Partnership shall remain in the possession of counsel for the respective parties or the parties themselves, and be stored in a secure place.

5.     Should any party hereto seek to utilize the April 29, 2009 General Partnership Agreement by and among Otto Bock Healthcare Canada Ltd., Victhom Human Bionics Inc., 4491343 Canada Inc. and Neurostream Technologies General Partnership at trial or a hearing in this matter, he or it shall meet with counsel for the

opposing party in an effort to agree upon a procedure to insure the confidentiality of the document.  In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

6. Within 90 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all copies of the April 29, 2009 General Partnership Agreement by and among Otto Bock Healthcare Canada Ltd., Victhom Human Bionics Inc., 4491343 Canada Inc. and Neurostream Technologies General Partnership, and shall destroy all extracts and/or data taken from the document. However, Attorneys shall be entitled to retain a copy of the April 29, 2009 General Partnership Agreement by and among Otto Bock Healthcare Canada Ltd., Victhom Human Bionics Inc., 4491343 Canada Inc. and Neurostream Technologies General Partnership, as well as copies of all documents filed with the Court and all correspondence generated in connection with the action.

This Protective Order may be modified or amended by agreement of the parties or by further order of the Court for good cause shown.

Dated:  January 6, 2011

                                           s/Richard H. Kyle
                                           RICHARD H. KYLE
                                           United States District Judge